IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA THOMAS,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | **NO. 10-2175** |
| **MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,** | : | |
| Defendant. | : | |

**DuBOIS, J.**                                                                                                       June 16, 2011

**M E M O R A N D U M**

## I. INTRODUCTION

In this action, plaintiff Maria Thomas seeks review of the Social Security Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). The Court referred the case to United States Magistrate Judge M. Faith Angell for a Report and Recommendation ("R & R"). Magistrate Judge Angell issued an R & R on May 4, 2011, recommending that plaintiff's Request for Review be denied. Plaintiff filed timely Objections to the R & R, which are presently before the Court. The Court approves and adopts the R & R as modified by this Memorandum, overrules plaintiff's Objections and denies plaintiff's Request for Review. The Court writes only to explain its decision to overrule plaintiff's Objections.

## II. BACKGROUND AND LEGAL STANDARD

The background of this case and the applicable standard of review are set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address the issues

presented by plaintiff's Objections. In assessing the Objections, the Court must evaluate de novo those portions of the R & R to which objection has been made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## III. DISCUSSION

Plaintiff objects to the Magistrate Judge's conclusion that the Administrative Law Judge's ("ALJ") decision denying her DIB claim was supported by "substantial evidence." The ALJ found that, despite various physical impairments, plaintiff is able to perform her past work as a data entry or accounting clerk and therefore does not qualify for DIB. (Tr. at 23.) In the alternative, the ALJ found that there "exist in significant numbers in the national economy" other jobs that plaintiff could perform, which also renders her ineligible for DIB. (Id. at 24.)

Before the Magistrate Judge and before this Court, plaintiff argues that the ALJ erred in three ways. First, she contends that the ALJ improperly deemed plaintiff's testimony about the extent of her injuries not credible. Second, she asserts that the ALJ gave too little weight to medical evidence that tended to support her disability claim. Third, she avers that the residual functional capacity ("RFC")[1] assessment adopted by the ALJ was not supported by substantial evidence.

At core, however, all three Objections are based on the assertion that the ALJ failed to properly explain the reasoning behind his rulings. Plaintiff argues that the ALJ merely recited the medical evidence in the case and did not provide sufficient analysis of which parts of that evidence he found persuasive. The Magistrate Judge rejected that argument and concluded that

---

[1] The Social Security regulations define an RFC as "the most you can do despite your limitations." 20 C.F.R. § 416.945(a)(1).

the ALJ set forth sufficient support for his conclusions. The Court agrees with the Magistrate Judge and overrules plaintiff's Objections.

An ALJ is not required to cite to every piece of evidence in the record when rendering his decision. Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Rather, he must only "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004); cf. Berry ex rel. M.E. v. Astrue, No. 09-4390, 2011 WL 381911, at *2 (E.D. Pa. Feb. 2, 2011) (holding that regulation requiring ALJ to consider certain evidence did not require ALJ to explicitly discuss the effect of that evidence on his opinion).

In this case, the ALJ's opinion allowed both the Magistrate Judge and this Court to conduct "meaningful review." While the ALJ could have conducted a more searching analysis of plaintiff's claims, he provided a sound evidentiary basis for his decision. On the question of the plaintiff's credibility about the severity of her injuries, the ALJ cited to medical records in which doctors opined that she could resume work within a few days or weeks of her appointments with them. (See Tr. at 20.) Regarding the medical evidence, the ALJ clearly acknowledged the medical opinions that were favorable to plaintiff but also cited to substantial evidence that contradicted those opinions. (See id. at 22-23.) Finally, the ALJ's RFC assessment found support in the evidence, including the same medical records used to undermine plaintiff's credibility about the severity of her injuries. (See id. at 20.)[2]

---

[2] Plaintiff further asserts that the ALJ failed to perform a function-by-function analysis of plaintiff's physical capabilities in developing his RFC assessment. As the Magistrate Judge correctly pointed out, however, failure to conduct such an inquiry is not fatal. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 149 n.5 (3d Cir. 2007). Rather, the Court must focus on whether the ALJ sufficiently developed the record to permit meaningful review and whether his

In sum, the ALJ sufficiently developed the record and explained his findings to allow this Court to review his decision and conclude that it was supported by "substantial evidence." Thus, plaintiff's Objections are overruled.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's Objections are overruled, the R & R is approved and adopted as modified by this Memorandum, and plaintiff's Request for Review is denied. An appropriate order follows.

---

decision is supported by substantial evidence.